JOEHLIN, APPELLANT, *v.* CITY OF TOLEDO, APPELLEE.

(Decided June 13, 1939.)

*Messrs. Marshall, Melhorn, Davies, Wall & Bloch, Messrs. Holloway, Romanoff & Peppers, Mr. Arnold F. Bunge* and *Mr. Leland L. Lord,* for appellant.

*Mr. Martin S. Dodd,* director of law, *Mr. Percy R. Taylor* and *Mr. Lee F. McDermott,* for appellee.

LLOYD, J. The appellant, Reinhard Joehlin, appeals to this court on questions of law and fact from a judgment of the Court of Common Pleas denying his petition for an injunction to restrain the city of Toledo, appellee herein, from proceeding in that court on its amended application to have assessed the compensation and damages to owners of land, over which land it seeks a perpetual easement appropriated by legislation of its council for the extension of its waterworks system to Lake Erie.

Objection is made that the land appropriated is in excess of that required by the city for its present purposes and the facts in evidence disclose that claim apparently to be true, but the evidence also shows that such land will be required for future development and that the city, in its legislation therefor, has found it is necessary for the project as planned. That being a question of political expediency and the land which the easement covers not being unreasonably disproportionate to the purposes sought, this court should not and will not declare the legislation null and void.

The legislation provides that the perpetual easement in the land described therein is "for a right of way for laying underground pipes, conduits and appurtenances in relation thereto for the purpose of extending the waterworks system of the city of Toledo to Lake Erie." The original application filed in the Court of Common Pleas for assessment of compensation to the owners of the land follows and is in accord with the legislation enacted by the council, except that

it does not state in detail the specific manner of its intended use as hereinabove quoted.

The amended application contains not only the omission in the original application filed in the Court of Common Pleas as to the intended right of way purposes but includes therein other terms and conditions, some of which relate to what the city shall do in the use of its purported easement and others relating to the obligations of the owners, none of which is covered or referred to in the legislative appropriation. The interest acquired by the city being only an easement, the owners of the fee are entitled to and do retain every right in the lands appropriated not inconsistent with the paramount right of the city to occupy and use unobstructedly the lands in the complete enjoyment of its appropriated easement.

There should be submitted to the jury in the compensation trials, under appropriate instructions as to the law, the one question only as to what compensation and damages shall be awarded to the owners of the land burdened with the easement; and the extraneous terms and conditions not relating to that question should be stricken from the amended application or, in any event, should not directly or indirectly be communicated to the jury; nor can the court make any order with respect thereto over objection of the land owners. The director of law of the city can not impose upon the land owners, without their consent, whether advantageous or otherwise, terms and conditions adverse to the rights and privileges which the law accords.

This court must assume that the Court of Common Pleas will proceed in the trials as the law requires, and without further comment, it is adjudged that the petition herein of the plaintiff be and it is dismissed at his costs.

*Petition dismissed.*

CARPENTER and OVERMYER, JJ., concur.